NO. 07-02-0119-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 7, 2002



______________________________




PETRO EXPRESS, LTD. AND WILLIAM BOBBORA, APPELLANTS



V.



HORKEY OIL COMPANY, INC., APPELLEE




_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-512745; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 On November 7, 2001, summary judgment was rendered in favor of Horkey Oil
Company, Inc. and against appellants Petro Express, Ltd. and William Bobbora. A motion
for new trial was filed extending the time in which to file the notice of appeal to February
20, 2002, which includes the 15-day window following the 90th day deadline. Tex. R. App.
P. 26.1(a)(1) and 26.3. However, on March 11, 2002, appellants filed a motion to extend
the time to file their notice of appeal in this Court explaining that they mistakenly believed
they had 30 days from the overruling of their motion for new trial by operation of law to file
the notice of appeal. They simultaneously filed the notice of appeal in the trial court. 
Thus, both the notice of appeal and motion for extension of time were untimely. 

 Moreover, by letter dated March 26, 2002, this Court directed appellants to pay the
required filing fee of $125 together with a $10 fee for the motion for extension of time,
noting that failure to do so might result in dismissal. Unless a party is excused from paying
a filing fee, the Clerk of this Court is required to collect filing fees set by statute or the
Supreme Court when an item is presented for filing. See Tex. R. App. P. 5 and 12.1(b). 
Appellants responded to this Court's letter by filing a motion to dismiss with payment of the
$10 fee for that motion. Thus, because the notice of appeal is untimely and the filing fees
of $125 and $10 remain unpaid, we must dismiss the appeal.

 Accordingly, the appeal is dismissed for want of jurisdiction and failure to comply
with the Texas Rules of Appellate Procedure and with a notice from the Clerk requiring
payment of the filing fee and the motion fee. Tex. R. App. P. 26.1 and 42.3(c). Our
disposition of this appeal renders appellants' motion to dismiss moot. 

 Don H. Reavis

 Justice



Do not publish.



ator included a certified copy of the trial court's order
dismissing cause number 98-428290 and a copy of his petition for expunction of records
file-stamped June 19, 2002, in which he requested a hearing be set. Thus, relator has
demonstrated that the trial court has a legal duty to act on a properly filed document and
that almost one year has lapsed since the document was filed. However, to be entitled to
mandamus relief, relator must also show that the petition for expunction was brought to the
attention of the trial court and that it refused to act. See In re Villarreal, 96 S.W.3d 708,
710 (Tex.App.-Amarillo 2003, orig. proceeding). The limited record before us does not
establish that the trial court was aware of relator's petition and that it refused to act. Thus,
relator has not shown himself entitled to extraordinary relief.

 Accordingly, relator's request for writ of mandamus is denied.

 Don H. Reavis

 Justice

 
1. Tex. R. App. P. 47.2(a).